**Gene Allen HERROLD, Appellant**

v.

**John YOST, Warden.**

No. 06–3528.

United States Court of Appeals,
Third Circuit.

Submitted For Possible
Summary Action Under Third Circuit
LAR 27.4 and I.O.P. 10.6 or

Possible Dismissal Under
28 U.S.C. § 1915(e)(2)(B)
March 9, 2007.

Filed March 23, 2007.

Gene Allen Herrold, Loretto, PA, pro se.

Robert L. Eberhardt, Laura S. Irwin, Office of United States Attorney, Pittsburgh, PA, for Appellee.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Gene Allen Herrold, a federal inmate presently incarcerated at FCI Loretto, appeals pro se from an order of the United States District Court for the Western District of Pennsylvania dismissing his habeas petition, filed pursuant to 28 U.S.C. § 2241.[1] For the reasons that follow, we will summarily affirm the judgment of the district court.

Since 1994, Herrold has continuously tried to attack his conviction, but to no avail. He has filed three motions to vacate his sentence under 28 U.S.C. § 2255, four habeas petitions under § 2241, and five applications under 28 U.S.C. § 2244(b) for authorization to file a second or successive § 2255 motion (C.A. Nos. 99–3080, 99–3854, 00–4343, 04–2718, 06–2046). On June 5, 2006, Herrold filed his current habeas action essentially asserting the same claims he put forth in the earlier § 2244 petition. On June 30, 2006, the district court dismissed Herrold's petition. Herrold filed a timely appeal.[2]

We agree that Herrold's petition merited a dismissal. A federal prisoner's challenge to the legality of his conviction and his sentence must usually be raised in a § 2255 motion, except where the remedy under § 2255 would be "inadequate or ineffective" and the prisoner can properly resort to a § 2241 challenge. *See* 28 U.S.C. § 2255 ¶ 5; *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir.1997); *United States v. Brooks*, 230 F.3d 643, 648 (3d Cir.2000)(citing *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir.1954)). The exception identified in *In re Dorsainvil* is simply inapplicable to Herrold's claims, and he may not seek relief under § 2241.

Because Herrold's § 2241 petition was properly dismissed and no substantial

---

1. In 1993, Herrold was sentenced in the Middle District of Pennsylvania to 331 months for possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g) and 924(e)(1), and 60–months to run consecutively for using and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1).

This Court affirmed his conviction, C.A. No. 93–7097, and the Supreme Court denied certiorari.

2. We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).

question is presented by this appeal, we will grant appellee's motion for summary affirmance and will affirm the district court's judgment. *See* Third Circuit LAR 27.4 and I.O.P. 10.6.